IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORTRESS IRON, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3137-K |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY and JASON SPRADLIN | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Fortress Iron, LP, ("Fortress") has filed a motion to remand, *see* Dkt. No. 13, which United States District Judge Ed Kinkeade has referred to the undersigned United States Magistrate Judge for report and recommendation, *see* Dkt. No. 16. Defendant The Travelers Indemnity Company ("Travelers") has filed a response, *see* Dkt. No. 14, and Fortress has filed a reply, *see* Dkt. No. 15.

For the following reasons, the undersigned recommends that the motion for remand be granted.

**Background**

On October 24, 2018, Fortress filed its Original Petition in the C-68th Judicial District Court of Dallas County, Texas, styled *Fortress Iron, LP v. The Travelers Indemnity Company and Jason Spradlin*, Cause No. DC-18-16087 (the "State Court Action"). Fortress asserted claims against Travelers and its claims investigator/adjuster

Jason Spradlin based on Travelers' denial of a property insurance claim. *See* Dkt. No. 1-1 at 9-18.

On November 11, 2018, Travelers and Spradlin filed an answer, *see id.* at 34-38, and Travelers filed a notice of election under Section 542A.006 of the Texas Insurance Code, *see id.* at 40-41.

On November 28, 2018, Travelers removed the case to federal court based solely on diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. No. 1. Travelers contends that complete diversity exists because Fortress is a citizen of Texas, Travelers is a citizen of Connecticut, and Spradlin's Texas citizenship should be disregarded for purposes of diversity because he was improperly joined. *See* Dkt. No. 1. Travelers' improper joinder argument is based solely on its election under Texas Insurance Code Section 542A.006(c). *See id.* at 3-4.

On December 28, 2018, Fortress filed a motion to remand and argues that the voluntary-involuntary rule precludes removal of this action. *See* Dkt. No. 13. In its response, Travelers disagrees and argues that improper joinder is an exception to the voluntary-involuntary rule. *See* Dkt. No. 14.

The undersigned now concludes that the motion for remand should be granted.

**Legal Standards**

I.  Federal Jurisdiction and Removal

A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of

citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove an action filed in state court to federal court on the basis of diversity if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and internal quotations omitted). And, if no amount of damages was alleged in the state court petition, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy

burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both the plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an

in-state [or non-diverse] defendant.'" *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Smallwood*, 385 F.3d at 573). "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.* at 575; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit," and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper," and, "[i]n such circumstance, the allegation of improper joinder

is actually an attack on the merits of plaintiff's case as such").

Ordinarily, "to determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the ... defendant.'" *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573). In performing this analysis, a court must consider the allegations in the state-court petition at the time of removal. *See id.* at 290 n.1. If, however, the plaintiff has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

**Analysis**

The Texas Legislature recently amended the Texas Insurance Code to add Section 542A.006, which provides:

> (a) [A]n insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
> ...
> (c) If a claimant files an action ... against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

TEX. INS. CODE § 542A.006 (a), (c) (effective Sept. 1, 2017). This amendment spawns a novel question regarding removal based on diversity of citizenship: namely, whether an action instituted in state court against a diverse insurer and a non-diverse investigator – nonremovable to federal court due to the lack of diversity of citizenship – becomes removable upon, and solely because of, the diverse insurer's election to accept complete liability of the nondiverse investigator. *See Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-cv-595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019).

There is a conflict among the federal courts in Texas as to the answer to this question. *See Stephens,* 2019 WL 109395, at *6-7 (discussing split of authority). Fortress relies on authorities that say it does not, *see id.*; *Massey v. Allstate Vehicle and Prop. Ins. Co.*, Civil Action No. H-18-1144, 2018 WL 3621055 (S.D. Tex. May 16, 2018), *aff'd,* 2018 WL 3017431 (June 18, 2018); *see also River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-cv-49-RP, 2019 WL 1767339 (W.D. Tex. April 22, 2019), and Travelers

relies on those that say it does, *see Flores v. Allstate Vehicle and Prop. Ins. Co.*, Civil Action No. SA-18-cv-742-XR, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018); *see also Jiang v. The Travelers Home and Marine Ins. Co.*, No. 1:18-cv-758-RP, 2018 WL 6201954 (W.D. Tex. Nov. 28, 2018). For the following reasons, the undersigned joins those courts that conclude that an action is not removable solely on the basis of an insurer's election under Section 542A.006 when the election was made after the action was filed.

In this case, Travelers argues that Spradlin's dismissal establishes diversity jurisdiction, which makes the action removable. Fortress responds that the voluntary-involuntary rule bars removal because neither Travelers' election nor Spradlin's dismissal were its own voluntary acts. Travelers maintains that the voluntary-involuntary rule is inapplicable because Spradlin was improperly joined based on Fortress's inability to recover against the investigator as a result of the election.

The judicially-created voluntary-involuntary rule states that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Drefus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). Section 542A.006 of the Texas Insurance Code confers Travelers, as an insurer, unabridged discretion in deciding whether to elect to accept legal responsibility of Spradlin, its agent/investigator. *See* TEX. INS. CODE § 542.006(a). Travelers' decision is not contingent on and does not anticipate Fortress's assent. Nor does it indicate that Fortress may decline Travelers' election. Instead, it requires that a court dismiss

-8-

Spradlin if an election is made. *See id.* at § 542A.006(c). This entire process is done without Fortress's agreement, contrary to its wishes, and is, therefore, involuntary. *See Stephens*, 2019 WL 109395, at *4.

But that is not the end of the inquiry because Travelers argues that Spradlin was improperly joined, which is a recognized exception to the voluntary-involuntary rule. *See Crockett*, 436 F.3d at 532.. Travelers' improper joinder argument is based solely on its election to accept responsibility for Spradlin. Travelers argues that Spradlin was improperly joined because Fortress is unable to establish a cause of action against him. *See Smallwood*, 385 F.3d at 572. Travelers contends that, because Section 542A.006 mandates that Spradlin be dismissed from the action, there is no reasonable basis to predict that Fortress might be able to recover against him; therefore, Fortress argues that Spradlin is improperly joined.

This argument is misguided because "[w]hether a non-diverse defendant is improperly joined is a binary question; the defendant is either a proper party when joined to suit or the defendant is an improper party when joined to the suit." *Stephens*, 2019 WL 109395, at *5. Travelers does not challenge Spradlin's joinder. And a subsequent election under Section 542A.006 after a proper joinder does not make the case removable even if the plaintiff can no longer recover against Spradlin. *See River of Life Assembly of God*, 2019 WL 176339, at *3; *Stephens*, 2019 WL 109393, at *5.

Accordingly, the Court cannot deny remand based on Travelers' Section 542A.006 election alone.

-9-

**Recommendation**

Plaintiff's Motion to Remand [Dkt. No. 13] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE